GAGE v. BLOUNT.

Opinion delivered November 26, 1923.

1. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—A verdict based on conflicting evidence is conclusive on appeal.

2. RELEASE—CONSIDERATION.—Where seller and buyer agreed that suit should be brought by the buyer against a carrier for damages to a shipment, such suit to be conducted by and at the expense of the buyer, such agreement was a sufficient consideration to support a release of the buyer's claim against the seller.

Appeal from Sebastian Circuit Court, Fort Smith District; *John Brizzolara,* Judge; affirmed.

*Chew & Ford,* for appellant.

1. The action was based upon the implied warranty that the corn was sound and merchantable. Appellant, having had no opportunity to inspect the corn, appellees became liable to him for all damages sustained by him because of its damaged condition. 113 Ark. 169; 134 Ark. 514; 94 Ark. 318.

2. Appellees had no cause of action against the railroad company for damage done to the corn; but if they did have a cause of action, it was non-assignable. C. & M. Dig., § 475; 47 Ark. 541; 80 Ark. 167.

*J. S. Simmons,* for appellees.

SMITH, J.   Appellant bought a carload of corn which had been shipped to Ratcliffe, Arkansas, subject to shipper's order.   There was no opportunity to examine the corn until appellant had paid to the local bank·the draft for the value of the corn to which the bill of lading was attached.   After opening the car appellant discovered that much of the corn was wet, sour and unfit for use, whereupon he called appellees (whose place of business is in Fort Smith) over the telephone, and advised them the condition of the corn, and was advised by appellees to accept the corn, and, if it was not all right, appellees would make it so.   Appellant sold the corn at less than its cost, and brought this suit to recover the damages.

The suit was prosecuted upon the theory that the action was based upon a breach of warranty, both express and implied, that the corn was sound and merchantable, and the court gave the instructions prepared by appellant which submitted that issue.

There was a verdict and judgment for the defendants, and it is quite obvious that the verdict was based upon the defendants' instruction numbered 2, as all the other instructions except defendants' instruction numbered 1, which dealt with the burden of proof, declared the law applicable to appellant's theory of the case. Said instruction numbered 2 reads as follows:

"2. You are instructed that, if you find from a preponderance of the evidence in this case that Claude Gage, plaintiff herein, made a verbal agreement with the defendants that if they would transfer and assign to plaintiff an alleged claim or cause of action which said defendants had and held against the Missouri Pacific Railway Company for damages to the corn in question, that he, Claude Gage, plaintiff herein, would release and hold immune said defendants from liability which plaintiff had or held against said defendants growing out of the damaged condition of the corn here in controversy, and that defendants, relying upon said verbal agreement made with plaintiff, assigned and transferred their said claim or cause of action to plaintiff, and that said assignment was made under an express contract or agreement with plaintiff releasing them from liability to plaintiff, if any, then your verdict should be for the defendants."

There was a demurrer to the answer and a motion to strike out of the pleadings all the allegations relating to the defense set out in the instruction quoted. This demurrer was overruled, as was also the motion to strike, and exceptions were duly saved. Our discussion of the instruction will dispose of this assignment of error.

There was testimony on behalf of the defendants to the effect that it was believed that the corn was damaged by reason of the fact that it had been shipped in a leaky

car, in which it had remained twenty-three days after it had been loaded in Nebraska, where the shipment originated, and that, after several conferences between appellees and appellant, it was agreed that appellant should bring suit against the railroad company, and should join appellees as parties plaintiff, as well as the Parker Corn Company, the original consignor, which had itself sold the corn to appellees, and that appellees would turn over to appellant the expense bill and help appellant to make the proof in the case, and would release any claim they had against the railroad company in appellant's favor, and that any judgment recovered should inure to appellant's sole benefit, and that, in consideration of this agreement, appellant released all claim for damages against appellees. Appellant denied that it was any part of the agreement that he should release his claim for damages against appellees.

At the time this agreement was made, whatever its terms may have been, the parties executed the following writing:

"Fort Smith, Arkansas, July 6, 1920.

"Whereas the undersigned, Claude Gage, of Ratcliffe, Arkansas, has sustained great loss from the shipment of carload of corn in February, 1920, in a car branded and numbered as follows: 'G. N. No. 212040.' And whereas the railroad company over which the said car of corn was shipped refused to pay said loss. And whereas said car of corn was shipped to shipper's order, the draft attached to bill of lading; and whereas the said Gage has paid said draft.

"Now therefore we, the undersigned, do hereby authorize the said Gage to employ counsel and bring suit to recover said damage in our respective names jointly with his, the said Gage. It is agreed and understood that whatever attorney's fees and court costs may be

incurred in said suit is to be paid and borne by the said Gage, and the said Gage hereby agrees and obligates himself, his heirs and executors, administrators and assigns, to hold the said parties wholly harmless from any costs or attorney fees in the prosecution of said suit.

"CLAUDE GAGE.

"FORT SMITH GRAIN COMPANY,

"By R. L. Yandell.

"PARKER CORN COMPANY,

"By C. H. Manning, Secretary."

Thereafter appellant employed counsel of his own choice, who brought suit against the railroad company in the names of all the parties, and testimony was taken in that case, but, as the testimony appeared to establish the fact that the corn had been stored in open pens before shipment, and thus exposed to the weather, and that the car in which it had been shipped was not leaky or defective, a nonsuit was taken, and appellees were advised of that fact. Appellees were not consulted about and had no part in the conduct or management of the suit against the railroad, and were not consulted as to the advisability of taking the nonsuit.

It is insisted that error was committed in giving the instruction set out above, for the reason that any agreement, if one was made, to release appellees was without consideration, and therefore void.

Of course, the jury's verdict is conclusive of the fact that an agreement was made by which appellant was to release his claim against appellees; and we do not think this agreement was void as being without consideration. There might have been some uncertainty in the minds of the parties as to who should sue the railroad, and appellant might have believed that he could recover a larger judgment against the railroad company than he could against appellees. However, all parties agreed that a suit should be brought in the names of all parties in interest, which should be conducted by appellant at his own expense and risk, and if it was agreed that the pro-

ceeds of this litigation should belong to appellant, the agreement that they should be so applied was a sufficient consideration to support the release of the claim against appellees.

No error appears, and the judgment is affirmed.